## SETTLEMENT AGREEMENT

*Cascadia Wildlands, et al. v. U.S. Bureau of Land Management*

Civ. No. 6:19-cv-00247-MC (D. Or.)

WHEREAS, Plaintiffs Cascadia Wildlands and Oregon Wild ("Plaintiffs") challenged the United States Bureau of Land Management's ("BLM") decision to authorize the Thurston Hills Non-Motorized Trails and Forest Management Project under the Federal Land Management Policy Act, 43 U.S.C. §§ 1701-1785, National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706;

WHEREAS, the Court granted Seneca Sawmill Company's motion to intervene as a defendant in this matter, ECF No. 15;

WHEREAS, the Court granted in part and denied in part the Parties' cross-motions for summary judgment in its September 18, 2019 Order, ECF No. 31;

WHEREAS, the Court entered judgment in accordance with its Order on November 19, 2019, ECF No. 33;

WHEREAS, Plaintiffs moved for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on February 10, 2020, ECF No. 34;

WHEREAS, the Plaintiffs and BLM, without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a lawful resolution of Plaintiffs' claim for attorneys' fees, costs, and expenses;

THEREFORE, the Plaintiffs and BLM hereby enter this Settlement Agreement and agree to the following:

1. BLM agrees to pay the lump sum total of ninety-nine thousand dollars ($99,000.00) in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the EAJA, 28 U.S.C. § 2412(d) and/or any other statute and/or common law theory, for all attorneys' fees, costs, and expenses incurred by Plaintiffs in this litigation.

2. Plaintiffs agree to withdraw their motion for attorneys' fees and costs (ECF No. 34) within seven (7) days of final execution of the Settlement Agreement.

3. BLM agrees to make all reasonable efforts to submit all necessary paperwork to the appropriate offices within fourteen (14) days of final execution of the Settlement Agreement receipt and will make every reasonable effort to provide for such payment to be transmitted within sixty (60) days of final execution of the Settlement Agreement.

4. Plaintiffs agree that receipt of the amount in Paragraph 1 from BLM shall operate as a release of any and all claims for attorneys' fees, costs, and expenses that Plaintiffs may seek to pursue in this matter relating to the litigation or settlement.

5. BLM's payment, as identified in Paragraph 1 above, shall be accomplished by BLM making an electronic funds transfer in the settlement amount of $99,000.00 to Plaintiffs' counsels' Interest on Lawyer Trust Account on behalf of Plaintiffs in accordance with information that has been provided to BLM.  Plaintiffs agree to send confirmation of the receipt of the payment to counsel for BLM within 14 days of such payment.

6. Except for the obligations specifically required under this Settlement Agreement, Plaintiffs agree to hold harmless BLM in any litigation, further suit, or claim arising from the payment of the agreed-upon $99,000.00 settlement amount, including any claims that may arise as to any apportionment of the payment amount to Plaintiffs and Plaintiffs' counsel.

7. Plaintiffs acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the attorney fee award Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

8. No provision in this Settlement Agreement shall be interpreted as a commitment or requirement that BLM obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

9. This Settlement Agreement does not represent an admission by Plaintiffs or BLM to any fact, claim, or defense in any issue in this lawsuit. This Settlement Agreement has no precedential value and shall not be used as evidence of such in any other matter.

10. This Settlement Agreement represents the entirety of Plaintiffs' and BLM's commitments with regard to settlement. The terms of this agreement shall become effective upon final execution.

11. The undersigned representatives of the Plaintiffs and BLM certify that they are fully authorized by the party or parties whom they represent to enter into the terms and conditions of this Settlement Agreement and to legally bind the parties to it.

IT IS HEREBY AGREED.

Date:     June 3     , 2020          */s/ Nicholas S. Cady*
                                     NICHOLAS S. CADY (OSB # 113463)
                                     Cascadia Wildlands
                                     P.O. Box 10455
                                     Eugene, OR  97440
                                     Portland, OR  97212
                                     (541) 434-1463
                                     nick@cascwild.org

*On behalf of Plaintiffs Cascadia Wildlands and Oregon Wild*

Date: June 4, 2020

PRERAK SHAH
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/   John P. Tustin
JOHN P. TUSTIN
Senior Attorney (TX Bar #24056458)
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-3022/Fax: (202) 305-0506
john.tustin@usdoj.gov

BILLY J. WILLIAMS
United States Attorney

*On behalf of Federal Defendant*